IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GEORGE D. LABLANCHE, III,    §
                            §
         Plaintiff,          §
                            §
v.                          §    CIVIL ACTION NO. 4:09-CV-2978
                            §
PRAIRIE VIEW A&M UNIVERSITY, §
                            §
         Defendant.          §
                            §

<u>**MEMORANDUM OPINION**</u>

Pending before the court[1] are Defendant's Motion to Dismiss (Docket Entry No. 3); Plaintiff's Emergency Motion for Mandamus and Injunctive Relief (Docket Entry No. 4); Plaintiff's Motion for Default Judgment (Docket Entry No. 5); Plaintiff's Motion to Deny Defendant's Dismissal Petition (Docket Entry No. 7); Plaintiff's Motion for Prima-Facie Case and Judgment (Docket Entry No. 15); Plaintiff's Amended Motion for Default Judgment (Docket Entry No. 19); Plaintiff's Amended Motion for Prima-Facie Case and Judgment (Docket Entry No. 20); Plaintiff's Motion for Administrative Appeal Default and Employment Restoration and Vacation (Docket Entry No. 22); Defendant's Supplemental Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 23); Plaintiff's Motion for

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket Entry Nos. 10, 13-14. Plaintiff has also brought suit against KPVU Radio, Cheryl Granger Brooks, Jeffrey Kelley, Fred Washington, Albert Gee, and Radhika Ayyar, all of whom seem to be current and/or former employees or affiliates of Defendant Prairie View A&M University. However, none of these purported defendants have been served.

Summary Judgment (Docket Entry No. 24); Plaintiff's Petition to Preserve Right to Jury Trial (Docket Entry No. 25); Plaintiff's Amended Petition to Common Law Exceptions of "At Will Employment" (Docket Entry No. 26); and Plaintiff's Second Amended Petition to Common Law Exceptions of "At Will Employment" (Docket Entry No. 27).

The court has considered the motions, all relevant filings, and the applicable law.  For the reasons set forth below, the court **GRANTS** Defendant's Motion to Dismiss (Docket Entry No. 3) and **GRANTS IN PART, DENIES AS MOOT IN PART** Defendant's Supplemental Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 23).  All other pending motions are **DENIED AS MOOT**.

## I.  Case Background

Plaintiff George D. LaBlanche, III, ("Plaintiff"), filing pro se, initiated this action on September 14, 2009.[2]  Plaintiff asserts that Defendant Prairie View A&M University ("Defendant") violated certain Texas A&M University System regulations when it reprimanded and terminated Plaintiff.[3]  Plaintiff requests exoneration from Defendant's determinations of insubordination and vandalism, his employment restored along with back-pay, and reprimands of the persons who executed and permitted the

---

[2]      Plaintiff's Original Complaint, Docket Entry No. 1.

[3]      Plaintiff's Amended Complaint, Docket Entry No. 8, pp. 1-2.

retaliation against him.[4]  Defendant moves to dismiss all claims.[5]

The following bare-bones allegations are taken from Plaintiff's amended complaint, except where noted.[6]  Defendant employed Plaintiff as a radio host, radio producer, and intern instructor.[7]  On April 6, 2009, Plaintiff filed a police report complaint.[8]  Three days later, Defendant reprimanded Plaintiff for insubordination.[9]  On April 14, 2009, Plaintiff filed a retaliation complaint with Defendant, to which a decision of "no retaliation" was rendered on May 1, 2009.[10]

On May 6, 2009, Defendant reprimanded Plaintiff for vandalism.[11]  Two days later, Plaintiff filed a retaliation

---

[4]     Id. at 2.

[5]     Defendant's Motion to Dismiss (Docket Entry No. 3); Defendant's Supplemental Motion to Dismiss (Docket Entry No. 23).

[6]     Amended Complaint, Docket Entry No. 8.

[7]     Id. at 2.  At a status conference on November 12, 2009, Plaintiff explained that he was also a full-time master's student at Prairie View. Plaintiff stated that his employment at the radio station was not related to his academic program.

[8]     Id.  At the status conference on November 12, 2009, Plaintiff explained that a student intern verbally threatened him about a grade.  Plaintiff insisted that his supervisors take action against the student.  They refused and further counseled Plaintiff that if he carried out his threat to make a police report about the incident, they would take action against him for certain shortcomings on his part.  Plaintiff filed a police report with campus police alleging a verbal assault, and Plaintiff's supervisors reprimanded him for insubordination.  Plaintiff complains that this charge of insubordination was based on "lies."

[9]     Id.

[10]     Id.

[11]     Id.  Plaintiff told the court that he had been off work the previous week due to food poisoning.  Upon his return to work, his supervisors accused him of deleting music from the university's data base.  Plaintiff denied this, arguing that he had been home sick and therefore unable to vandalize university

complaint with Defendant.[12]  Plaintiff met with university officials in the human resources department about his complaint of retaliation.  On June 11, 2009, a decision of "no retaliation" was rendered.[13]

On September 14, 2009, Plaintiff filed this suit.[14]  On October 9, 2009, Defendant issued a notice of dismissal to Plaintiff, with an effective termination date of October 23, 2009.[15]  Plaintiff complains that Defendant has never provided a reason for his termination.

## II.  Legal Standards

Defendant moves the court to dismiss Plaintiff's claims under Federal Rule of Civil Procedure ("Rule") 12(b)(1).[16]  The court should decide a Rule 12(b)(1) motion before addressing any attack on the merits.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); 12(h)(3).  Federal courts may exercise jurisdiction over cases only as authorized by the

---

property.  The supervisors told him that if he did any of thirteen listed acts, he would be terminated.

[12]     Id.

[13]     Id.

[14]     Original Complaint, Docket Entry No. 1.

[15]     Amended Complaint, Docket Entry No. 8, p. 2.

[16]     Defendant's Motion to Dismiss, Docket Entry No. 3.

United States Constitution and the jurisdictional statutes. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). A district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. Kokkonen, 511 U.S. at 377; Howery, 243 F.3d at 916, 919. In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. John Corp. v. City of Houston, 214 F.3d 573, 576 (5th Cir. 2000).

Defendant also moves to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. In re Katrina Canal Beaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). The court determines whether the plaintiff has stated a legally cognizable claim that is plausible; the court does not evaluate the plaintiff's likelihood of success. Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009). A pleading will not suffice to survive a motion to dismiss if it only offers labels and conclusions, a formulaic recitation of the elements of a cause

of action, or naked assertions devoid of further factual
enhancement. <u>Id.</u>

### III. <u>Analysis</u>

Although Plaintiff's causes of action are not explicitly
clear, he appears to be making civil rights claims under 42 U.S.C.
§ 1983 ("Section 1983") and retaliation claims under Title VII,
along with various indefinite state law claims.[17] Defendant moves
to dismiss on the basis that this court has no subject matter
jurisdiction to hear Plaintiff's claims on the basis of Defendant's
state sovereign immunity. Defendant also argues that Plaintiff
cannot state a claim for relief for retaliation under Title VII
because he failed to exhaust his administrative remedies.

### A. Section 1983[18]

Typically, public universities are considered arms of the
state and thus are entitled to sovereign immunity. <u>United Carolina
Bank v. Bd. of Regents</u>, 665 F.2d 553, 557 (5th Cir. 1982).
Sovereign immunity under the Eleventh Amendment operates to protect
states from private lawsuits in federal court. <u>E.E.O.C. v. Bd. of
Supervisors for Univ. of La. Sys.</u>, 559 F.3d 270, 272 (5th Cir.

---

[17] Documents filed pro se are to be liberally construed, and pro se
complaints, "however inartfully pleaded, must be held to less stringent standards
than formal pleadings drafted by lawyers." <u>Erikson v. Pardus</u>, 551 U.S. 89, 94
(2007) (per curiam).

[18] A plaintiff can establish a prima facie case under Section 1983 by
alleging: 1) a violation of a federal constitutional or statutory right; and 2)
that the violation was committed by an individual acting under the color of state
law. <u>Doe v. Rains County Indep. Sch. Dist.</u>, 66 F.3d 1402, 1406 (5th Cir. 1995).

2009).  Congress may abrogate Eleventh Amendment immunity from particular claims when it unequivocally does so and "acts pursuant to a valid grant of constitutional authority."  Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001).  However, Congress has not abrogated state sovereign immunity with respect to claims brought under Section 1983.[19]  Quern v. Jordan, 440 U.S. 332, 342 (1979).

In determining whether a public university qualifies for immunity, the court considers the status of the university under state law, the degree of state control over the university, and whether a money judgment would interfere with the state's fiscal autonomy.  Lewis v. Midwestern State Univ., 837 F.2d 197, 198 (5th Cir. 1988).

Under Texas law, public university systems are state agencies.  Tex. Gov't Code Ann. § 572.002(10)(B).  Defendant belongs to the Texas A&M University System.  Tex. Educ. Code § 87.102.  Furthermore, as part of the Texas A&M University System, Defendant is governed and administered by the university's board of regents that is appointed by the governor with advice and consent of the state senate.  Id.  Since the Texas A&M University System is administered with state funds, a suit for monetary relief would interfere with the state's fiscal autonomy.  See generally Lewis,

_____

[19]     The court notes that Plaintiff's pro se complaint does not explicitly request relief pursuant to Section 1983 but could potentially be construed to do so.

837 F.2d at 199.

Considering all of the factors, therefore, Defendant, as a state entity, is protected by Eleventh Amendment sovereign immunity from claims for monetary relief arising under Section 1983.[20]

Plaintiff also seeks injunctive relief in the form of a name-clearing hearing and reinstatement.  Under the Ex Parte Young doctrine, a state official may be sued in his official capacity for injunctive relief without violating Eleventh Amendment immunity. 209 U.S. 123, 159-60 (1908).  The court must examine whether Plaintiff has stated a claim for injunctive relief under Section 1983.

The court first considers whether Plaintiff has a protected property interest in his continued employment with Defendant and then whether he was deprived of this interest without due process of law.

Texas is an at-will employment state.  Schultea v. Wood, 27 F.3d 1112, 1116 (5th Cir. 1994).  Plaintiff bears the burden of proving the existence of a contract establishing a property interest in his continued employment.  Id.  At the November 12, 2009 status conference, Plaintiff averred that he had an employment contract with Defendant; he later submitted documents to the court

---

[20]    At the November 12, 2009 hearing, Plaintiff stated he was not suing for monetary relief.  In a later pleading, Plaintiff appeared to withdraw his claim for injunctive relief.  See Motion for Administrative Appeal, Default and Employment Restoration and Vacation of Plaintiff's Request for Mandamus/Injunctive Relief, Docket Entry No. 22. As it is not clear which remedies are presently sought by Plaintiff, the court addressed the issue out of an abundance of caution.

in support of his contention that he was not an at-will employee.

The documents submitted were an offer-of-employment letter and Defendant's official description of the position Plaintiff filled.[21] In the offer-of-employment letter, Plaintiff was offered the job and was told that the offer would be rescinded if he failed the requisite background check.  However, nothing in Plaintiff's offer-of-employment letter indicated that Plaintiff was not hired as an at-will employee or that he was granted rights greater than any other at-will employee.[22]

Furthermore, upon review of the six pages of Plaintiff's official job description, there is simply nothing there to indicate that Plaintiff might have a property interest in his continued employment with Defendant.[23]  Thus, Plaintiff has failed to state a claim for relief based on a deprivation of a property interest without due process of law.

Plaintiff's complaint also may be construed to assert that his reprimands violated his Fourteenth Amendment due process rights because he was a public employee who was reprimanded for reasons that were allegedly malicious and false, i.e., insubordination and vandalism.[24]

---

[21]     Plaintiff's Employment Contract, Docket Entry No. 21, Ex. A, Offer-of-Employment Letter; Ex. C, Plaintiff's Position Description.

[22]     Id. Ex. A, Offer-of-Employment Letter.

[23]     Id. Ex. C, Plaintiff's Position Description.

[24]     Amended Complaint, Docket Entry No. 8, p. 2.

However, Plaintiff does not have a protected liberty interest as a matter of law in his reputation. "[M]ere injury to reputation, even if defamatory, does not constitute deprivation of a liberty interest." Finch v. Fort Bend Indep. Sch. Dist., 333 F.3d 555, 561 n.3 (5th Cir. 2003). Rather, a liberty interest may be infringed, and the right to a due process name-clearing hearing arises, only when the employee is "'discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities.'" Bledsoe v. City of Horn Lake, Miss., 449 F.3d 650, 653 (5th Cir. 2006) (quoting White v. Thomas, 660 F.2d 684 (5th Cir. 1981)).

In Hughes v. City of Garland, the court held that to state a cognizable claim for violation of a liberty interest, a plaintiff must show: (1) that he was discharged; (2) that stigmatizing charges were made against him in connection with the discharge; (3) that the charges were false; (4) that he was not provided notice or an opportunity to be heard prior to his discharge; (5) that the charges were made public; (6) that he requested a hearing to clear his name; and (7) that the employer refused his request. 204 F.3d 223, 226 (5th Cir. 2000). In Lee v. Morial, 37 Fed. App'x 88, at *7 (5th Cir. Apr. 26, 2002) (unpublished), the court expanded, without discussion, the Hughes test to apply to all adverse employment actions.

However, even if the court were to assume that the two reprimands at issue here were adverse employment actions, were based on false information, and were stigmatizing, Plaintiff requested, and received, an opportunity to protest those reprimands within the university hierarchy.  That is all the law requires.[25] See Wells v. Doland, 711 F.2d 670, 676 (5th Cir. 1983) (stating that to establish a liberty interest sufficient to implicate the safeguards of the Fourteenth Amendment, a plaintiff must have been denied a meaningful hearing to clear his name).  Although Plaintiff seeks to appeal those adverse determinations to this court, the law does not provide such recourse.  As Plaintiff received a name-clearing hearing, any liberty interest claim must fail.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. Plaintiff has failed to allege sufficient facts to state claims for relief pursuant to Section 1983 based on either a deprivation of a due process right or a deprivation of a liberty interest in his employment.

---

[25]     In a hearing before the court and in Plaintiff's Motion for Administrative Appeal, Plaintiff complained that Defendant refused to provide a reason for his termination. See Plaintiff's Motion for Administrative Appeal, Default and Employment Restoration, Docket Entry No. 22, p. 1. By his own admission then, Plaintiff suffered no stigmatizing charges related to his discharge and has failed to state a claim for a violation of a liberty interest in connection with his termination.

Thus, the court **GRANTS** Defendant's motion as to Plaintiff's Section 1983 causes of action.

**B.  Title VII**

Congress has not abrogated state sovereign immunity as to claims brought under Title VII, and thus a private citizen can sue a state for Title VII damages in federal court.  Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976); Usery v. La. ex rel. La. Dep't of Health & Hosp., 150 F.3d 431, 435 (5th Cir. 1998).

Plaintiff's primary claim against Defendant is for "non-discriminatory retaliation."[26]   A federal claim for retaliation falls under Title VII, and to establish such a claim Plaintiff "must make a prima facie showing: (1) that [he] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action."  Banks v. E. Baton Rouge Parish Sch. Bd., 320 F.3d 570, 575 (5th Cir. 2003).

However, "Title VII requires employees to exhaust their administrative remedies before seeking judicial relief."  McClain v. Lufkin Indus., Inc., 519 F.3d 264, 273 (5th Cir. 2008).  This requirement is satisfied by filing an administrative charge with the EEOC.  Id.  This charge allows the EEOC to investigate and, if appropriate, negotiate a resolution with the employer.  Id.  Only after the efforts by the EEOC terminate may the employee sue his

---

[26]     Amended Complaint, Docket Entry No. 8, pp. 1-2.

employer in federal court.  <u>Id.</u>  If an employee fails to exhaust his administrative remedies, the court must dismiss his Title VII claims for lack of jurisdiction.  <u>Atkins v. Kempthorne</u>, 353 Fed. App'x 934, 936 (5th Cir. Nov. 27, 2009) (unpublished) (citing <u>Tolbert v. United States</u>, 916 F.2d 245, 249 (5th Cir. 1990)).

Here, Plaintiff has presented no allegations and no documents suggesting he ever filed an administrative charge with the EEOC with respect to the events underlying this lawsuit.  Therefore, this court has no choice but to dismiss his federal retaliation claim.

Accordingly, the court **GRANTS** Defendant's motion to dismiss with respect to Plaintiff's federal retaliation claim under Title VII.

**C.   State Law Claims**

Because the court is dismissing all of Plaintiff's federal claims against Defendant, the court will not exercise supplemental jurisdiction over Plaintiff's state law claims.[27]  <u>See</u> 28 U.S.C. § 1367(c)(3) (allowing district court's discretion to decline to exercise supplemental jurisdiction over a state law claim when the court has dismissed all claims over which it had original jurisdiction); <u>Moore v. Willis Indep. Sch. Dist.</u>, 233 F.3d 871, 876 (5th Cir. 2000) (indicating that, upon dismissal of all federal

---

[27]   Defendant cites to numerous state statutes and Texas A&M University System regulations as part of his case, mostly in support of his retaliation cause of action.

13

claims, the court should dismiss the supplemental state law claims without prejudice).

Accordingly, the court **DISMISSES** all of Plaintiff's state law claims without prejudice.

### III.  <u>Conclusion</u>

Based on the foregoing, the court **GRANTS** Defendant's Motion to Dismiss (Docket Entry No. 3) and **GRANTS IN PART, DENIES AS MOOT IN PART** Defendant's Supplemental Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 23).  All other pending motions are **DENIED AS MOOT.**

**SIGNED** in Houston, Texas, this 22nd day of June, 2010.

Nancy K. Johnson
United States Magistrate Judge

14